NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH HILTON, | Civil Action No. 13-6464 (JAP) |
| Plaintiff, | |
| v. | OPINION |
| APRIL BIRD, et al., | |
| Defendants. | |

**APPEARANCES**:

    Kenneth Hilton
    24660
    Monmouth County Correctional Institute
    1 Waterwork Road
    Freehold, NJ 07728
    Plaintiff Pro Se

**PISANO, District Judge**:

    This matter is before the Court on Plaintiff's filing of a complaint pursuant to 42 U.S.C. § 1983. As set forth below, the Complaint will be dismissed.

**I.**    **Background**

    The following factual allegations are taken from the complaint [ECF No. 1] and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations. Plaintiff brings this suit alleging fraud on the part of April Bird and Gabriel Carrasquillo, Asbury Park Police Department Detectives, with regard to the filing of a criminal complaint against Plaintiff on September 4, 2013. Plaintiff was arrested as a result of the complaint on September 17, 2013. Plaintiff appears to challenge the fact that although the victim

identified Plaintiff's photo out of 140 photos on September 4, 2013, the complaint was not filed against him and he was not arrested until September 17, 2013.  He also alleges that he inquired as to why his ball was set at $200.00 cash only and appears to imply some kind of fraudulent activity with regard to the setting of the bail due to the fact that the "judge's name was printed."  Plaintiff requests injunctive relief by stating: "I wish the court to step in and handle this situation…" to effect a "most eazy [sic] and reasonable solution…".

## II.     Standard of Review

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding *in forma pauperis* or a prisoner is seeking redress against a government employee or entity.  The Court must *sua sponte* dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

To survive dismissal "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," and will be dismissed.  *Id.* at 678 (citations and internal quotation marks omitted); *Fowler*

*v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) ("[A] complaint must do *more than allege the plaintiff's entitlement to relief.* A complaint has to "show" such an entitlement with its facts.") (emphasis supplied). The Court is mindful, however, that the sufficiency of this *pro se* pleading must be construed liberally in favor of the plaintiff, even after *Iqbal*. *See generally Erickson v. Pardus*, 551 U.S. 89 (2007).

### III.   Discussion

It is unclear as to what constitutional grounds Plaintiff intends to base his claims. However, to the extent that Plaintiff requests injunctive relief regarding an ongoing state criminal proceeding, that request will be denied and the complaint will be dismissed.

It is not generally the role of the federal courts to interfere in pending state judicial proceedings. A federal court must abstain from addressing requests for injunctive relief against state court proceedings so long as the constitutional issues involved may be addressed adequately in the court of the state proceedings. *Younger v. Harris*, 401 U.S. 37 (1971) (addressing abstention from state criminal proceedings). The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before *Younger* abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

*Port Auth. Police Benevolent Ass'n Inc. v. Port Auth. Of New York and New Jersey Police Dept.*, 973 F.2d 169, 173 (3d Cir. 1992) (citation omitted). Certainly, the pending state criminal proceedings are judicial in nature and implicate important state interests. Plaintiff has failed to

3

allege any facts suggesting that the state proceedings do not afford an adequate opportunity to raise federal claims related to those proceedings. Accordingly, this Court will not interfere with Plaintiff's ongoing state criminal proceedings and the complaint will be dismissed.

## IV.     Conclusion

For the reasons set forth above, all claims will be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1). However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies described herein, the Court will grant Plaintiff leave to file an application to re-open accompanied by a proposed amended complaint. An appropriate Order accompanies this Opinion.

    /s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated:    May 20, 2014